COMMONWEALTH *vs.* GEORGE H. COLLINS.

An indictment for larceny in a shop is sustained by proof that the defendant, with a felonious intent, obtained the property of another in the shop, by falsely personating the owner.

CHAPMAN, J. The defendant is indicted for larceny of a gold watch, the property of one Sanderson. The evidence was that Sanderson had left his watch at a watchmaker's to be repaired, and that the defendant went to the shop, pretending to be Sanderson, asked for the watch, paid for the repairing and took the watch, with a felonious intent.

These acts constitute larceny at common law. The case is like that of *Rex* v. *Longstreeth,* 1 Mood. C. C. 137. The defendant in that case went to a carrier's servant and obtained from him a parcel by falsely pretending to be the person to whom it was directed. It was held to be a larceny, because the servant had no authority to deliver it to him, so that no property passed to him, but the mere possession feloniously obtained. So in this case the watchmaker had no authority to deliver the watch to the defendant, and the latter obtained no property in it, not even the qualified property of a bailee, but a mere felonious possession, which is the essence of the crime of larceny.

But by Gen. Sts. *c.* 161, § 53, it is enacted that "whosoever falsely personates or represents another, and in such assumed character receives any property intended to be delivered to the party so personated, with intent to convert the same to his own

use, shall be deemed to have committed simple larceny." The defendant contends that the indictment is bad because it does not set forth the false pretenses, and allege that the crime was committed against the statute.   To sustain this position, he cites the cases of *Commonwealth* v. *Simpson*, 9 Met. 138, and *Commonwealth* v. *King*, 9 Cush. 284, where it is held that, though embezzlement is declared by the statute to be larceny, yet a count for larceny will not be sustained by evidence of embezzlement.   But it was so decided because embezzlement did not constitute larceny at common law, so that allegations to bring the case within the statute were necessary; but in the present case the acts proved did constitute larceny at common law.

*Exceptions overruled.*

*G. C. Starkweather*, for the defendant.

*Reed*, A. G., for the Commonwealth.